## TREESH *v.* DEVENY

[No. 17,409. Filed December 17, 1945.]

*Atkinson & Sanders,* of Auburn, for appellant.

*Mountz & Mountz,* of Garrett, for appellee.

DRAPER, J.—In her complaint the appellee alleged among other things, that heretofore, in the DeKalb Circuit Court, the Garrett State Bank brought an action to foreclose a mortgage on real estate, in which action the appellant, the appellee and others were parties defendant. That the appellant filed a cross-complaint in the foreclosure action, but that the appellee was not made a party defendant to the cross-complaint, was not served with any summons to appear thereto, and did

not so appear. The complaint further alleged that the court made no finding against the appellee on said cross-complaint and rendered no judgment thereon against her, but that the Clerk of the court erroneously entered in the judgment docket a record of a personal judgment against her, and in favor of the appellant, in the sum of $582. She demanded that the record so erroneously made, be cancelled and stricken out.

The court found the facts specially, stated conclusions of law thereon, and rendered a judgment which, although not carefully worded, may fairly be construed to extend the relief demanded.

The record discloses that in the court below, the appellant asked and was granted ninety days within which to file all bills of exceptions, but the certificate of the Judge to the bill of exceptions containing the evidence recites that it was presented by the appellee rather than by the appellant and the appellant is not shown to have presented any. The appellee insists that this bill is not in the record because not presented by the appellant. The rules of the Supreme Court, 1943 Revision, do not require a party to obtain time for the filing of bills of exceptions, nor do they require that such bills, to be incorporated in a transcript on appeal, must have been presented and filed by the party appealing. Rule 2-3 provides that: "Every bill of exceptions tendered prior to the filing of the transcript in the appellate tribunal shall, if correct, be signed by the judge and filed with the clerk, which filing may be evidenced by an order book entry or the clerk's certificate." The bill of exceptions in this case was certified by the trial court to be full, true and complete, and it was filed with the clerk as evidenced by the clerk's certificate. It is, therefore, a part of the record in this case. The appellant's objection would

have been unavailing even before the adoption of the present rules. *Benefiel* v. *Aughe* (1884), 93 Ind. 401..

The appellant excepted to each conclusion of law, but assigns error only in the overruling of his motion for new trial. The motion specifies that (1) the decision is not sustained by sufficient evidence and (2) is contrary to law. The question thus presented is stated by Judge Curtis in *Central Pharmacal Co.* v. *Salb* (1939), 106 Ind. App. 495, 13 N. E. (2d) 875, as follows:

> "By the two causes or grounds of the motion for a new trial which are above mentioned, the appellant is entitled first, to have this court determine whether or not the special finding of fact in the instant case contains a finding *which is essential to the decision the court made* which is not supported by any evidence and which cannot be supplied by any reasonable inferences from the evidence. Secondly, the appellant is entitled to have this court determine whether or not the undisputed evidence establishes a controlling fact within the issues which is not found, but which if found would necessitate different conclusions of law and a different judgment based thereon." (Our italics.)

The appellant insists that the findings of fact are in many particulars not supported by the evidence, and an examination of the record sustains that contention. To entitle her to relief, the appellee first relied upon the proposition that the court acquired no jurisdiction of her person in connection with the cross-complaint. Although the court found that such jurisdiction had not been obtained, the evidence indicates that she was made a party defendant to the cross-complaint and was served with summons on the original complaint. None of the pleadings in the foreclosure case were introduced in evidence, and so it does not appear whether it was necessary that the

appellee be served with summons in connection with the cross-complaint. Neither does the evidence disclose whether a summons was or was not served upon her in connection with the cross-complaint, or whether she did or did not appear thereto.

In addition to the jurisdictional question just considered, the appellee relied for recovery upon the proposition that although no finding was made and no judgment was rendered against her on the cross-complaint, the clerk nevertheless entered a record of a personal judgment against her in the judgment docket, thus casting a cloud upon her title to lands not involved in the foreclosure proceedings. To be entitled to that relief she would, of course, have to show that such an erroneous entry was actually made.

The evidence does not disclose that the clerk ever made any entry of any kind, right or wrong, in the judgment docket. We can not presume that the clerk failed to perform his duty, or that he performed it erroneously. It may be that the court undertook to take judicial notice of the records and proceedings in the foreclosure case, which was tried in the same court, and partially based his findings thereon. This the court had no right to do. 20 Am. Jur., § 87, p. 105; *Fletcher, etc., Trust Co.* v. *American State Bank* (1925), 196 Ind. 118, 147 N. E. 524.

Other questions suggest themselves but we have discussed only those presented.

Since findings of fact which are essential to the decision of the court are not supported by any evidence or inferences reasonably to be drawn therefrom, the judgment is reversed and cause remanded with instruction to sustain appellant's motion for new trial.

NOTE.—Reported in 64 N. E. (2d) 41.