SWARTZELL ET AL. *v.* HERRIN ET AL.

[No. 1168A190. Filed June 5, 1969. No petition for rehearing filed.]

*Thomas B. Dumas,* of Rennselaer, *Lester L. Wilson* and *Harold R. Staffeldt,* of Winamac, for appellants.

*Kizer and Neu,* of Plymouth, *Robert Peterson,* of Rochester, *Lynn O'Neill,* of Logansport, and K. Stuart Gast, of Winamac, for appellees.

HOFFMAN, JUDGE—This appeal was filed in the Supreme Court on June 2, 1967. On October 25, 1967, appellees filed their motion that this appeal be dismissed, or, in the alternative, that the judgment be affirmed. On January 2, 1968, the Supreme Court entered an order taking appellees' motion to dismiss or affirm under advisement. On November 14, 1968, this appeal was transferred to the Appellate Court.

Rule 2-6, Rules of the Supreme Court of Indiana, 1967 Revision, as amended, and numerous recent opinions of both the Supreme Court and this court have clarified the proper procedure in appealing from summary judgments. Appellees' motion to dismiss or affirm is now overruled.

This appeal arose from the sustaining of defendants-appellees' motion for summary judgment and the entering of judgment by the trial court.

The facts established by the record before us, which are important to the determination of this appeal, are as follows:

Appellants alleged in Paragraph I of their amended complaint that they had entered into a verbal agreement for the purchase of certain real estate owned by appellees; that appellants had taken possession of the property at the insistence of appellees; that after taking possession they made permanent improvements to the property; that they were ready, willing and able to pay the agreed purchase price and that appellees refused to execute a deed; that they have deposited the purchase price with the court; and praying for specific performance of such verbal agreement.

In Paragraph II of their amended complaint appellants incorporated the allegations of Paragraph I and, in addition, alleged money damages.

Appellees answered in denial and filed counterclaim.

On December 15, 1966, the following entry was made:

"Clerk shows receipt and filing of two sealed envelopes marked respectively 'Conditional Examination of Jeffrey Swartzell' and 'Conditional Examination of Robert Swartzell'. Clerk is directed to keep such sealed envelopes in the vault until further order of court."

These sealed envelopes remained in the vault until transmitted to the Clerk of this court, by order of the Supreme Court of Indiana entered January 12, 1968, and are now with the transcript, their seals intact.

Appellees then filed an unverified motion for summary judgment. Attached to the motion were certain warranty deeds purportedly establishing a chain of title which did not include the appellants and, further, certain quotations from two unpublished depositions of appellants which tended to establish appellees' right to summary judgment.

The trial court ordered all pleadings, depositions, answers to interrogatories, admissions, affidavits and any other matters pertinent to the motion for summary judgment filed on or before the 17th day of April, 1967.

On May 3, 1967, the motion was sustained and judgment entered as follows:

"The Defts. Herrin (Roy & Helen) moved the Court for Summary Judgment and the Pltffs. failing to respond as provided by law (60 Ind. App. 45; 108 N. E. 36), and the Court now complying with B. I. S. 2-2524 [Burns' Ind. Statutes, § 2-2524] finds that it be appropriate, now sustains the Defts. Herrin's Motion for Summary Judgment subject to any lien State Exchange Bank of Marshall County, Indiana, as referred to in Plaintiffs' complaint. Defts. Herrin's Motion for Summary Judgment granted. Court finds for said Defendants of said Motion. Finding for Defendants Herrin and against the Plaintiffs. Plaintiffs to pay costs.

"Judgment on finding.

"Cause continued on Defts.' Cross-Complaint."

This appeal followed.

Appellants set out two issues as their assignment of errors: 1) The court erred in sustaining appellees-Herrins' motion for summary judgment; and 2) the court erred in failing to note for filing appellants' affidavit in response to such motion for summary judgment and to rule thereon.

The affidavit referred to in the second specification of error was not filed prior to the time for response to the motion for summary judgment as ordered by the court. In fact, no entry appears in the record that it was ever tendered or filed except as appears in the defendants' motion to vacate to which a copy was attached. The motion merely asked for a continuance setting out the fact that a witness, one Mrs. Edward Safin, could not be located for the purpose of taking her deposition or answering interrogatories. The affidavit

did not state what, if any, knowledge she possessed that would throw light on the cause of action. The affidavit did not embody any material contradictions of the factual issues presented.

Acts 1965, ch. 90, § 1, p. 126, § 2-2524(f), Burns' 1968 Repl., (Summary Judgment Statute) provides as follows:

"(f) When Affidavits Are Unavailable. Should it appear from the affidavits of a party opposing the motion that he can not for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

This section of the statute relates specifically to the discretionary power of the court when a party moves, by affidavit, for a continuance. It does not establish what the affidavit must contain to allow the court a proper exercise of that discretion.

The affidavit for continuance in a hearing on a motion for summary judgment is still bound to the statutory standard for such affidavits as provided in Acts 1881 (Spec. Sess.), ch. 38, § 374, p. 240, § 2-1301, Burns' 1967 Repl., which is as follows:

"Continuance for absent evidence. A motion to postpone the trial on account of the absence of evidence, can be made only upon affidavit, showing the materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it; and where the evidence may be; and if it is for an absent witness, the affidavit must show the name and residence of the witness, if known, and the probability of procuring the testimony within a reasonable time, and that his absence has not been procured by the act or connivance of the party, nor by others at his request, nor with his knowledge and consent, and what facts he believes the witness will testify to, and that he believes them to be true, and that he is unable to prove such facts by any

other witness whose testimony can be as readily procured. If, thereupon, the adverse party will consent that, on the trial, the facts shall be taken as true, if the absent evidence is written or documentary, and, in case of a witness, that he will testify to said facts as true, the trial shall not be postponed for that cause, and, in such case, the party against whom such evidence is used, shall have the right to impeach such absent witness, as in case where the witness is present, or his deposition is used."

We hold that § 2-1301, *supra,* governs § 2-2524(f), *supra,* to the extent that it prescribes what the affidavit must contain. This is not a purely technical consideration. The affidavit must, as the statute requires, give the court some basis for delaying its decision. To simply state, as appellants did here, that a particular individual had pertinent information without stating what that information was concerned with, or how it related to the issues before the court, was insufficient to meet the requirements of the statutes.

Motions for continuance are addressed to the sound discretion of the court and error can only be predicated on an abuse of such discretion. *Jay et al. v. State,* 246 Ind. 534, 537, 206 N. E. 2d 128 (1965).

In addition to the fact that appellants' affidavit was filed late, it did not meet the statutory requirements and the court did not abuse its discretion in refusing to continue the hearing, or in refusing to consider the affidavit.

Thus, the error set out in the second specification of appellants' assignment of errors was not prejudicial and, therefore, is not reversible error.

The trial judge had before him when he considered the motion for summary judgment the amended complaint, defendants' answer and counterclaim, the unverified motion for summary judgment and the deeds attached. He may have also had before him the answer of defendant-Bank, the answer of defendant-Herrin, the counterclaim of defendant-

Herrin, the answer of Fitz to Herrin's counterclaim. The record contains no entry that these were filed although they were attached to the transcript with the following notation in the index: "Following papers are attached but were not shown filed: . . . ." The Clerk's certificate contains the following statement: ". . . that I have prepared the same according to the praecipe filed herein showing all papers noted filed and action thereon *and also papers are attached where no entry or filing is made in said cause, . . . .*" (Emphasis supplied.)

The motion for summary judgment refers to the conditional examinations of plaintiffs-appellants, Jeffrey Swartzell and Robert Swartzell.

In ruling on a motion for summary judgment the court must consider conditional examinations of the parties which are before the court.

Acts 1881 (Spec. Sess.), ch. 38, § 348, p. 240, § 2-1730, Burns' 1968 Repl., pertaining to conditional examinations, provides as follows:

"The attendance of the party to be examined may be enforced, and the examination shall be taken and filed as a deposition in the cause, and may be read by the party taking it, at his option; but, if not read, the party causing the examination, shall pay the costs thereof."

Acts 1881 (Spec. Sess.), ch. 38, § 306, p. 240, § 2-1520, Burns' 1968 Repl., provides as follows:

"Depositions, after being filed, may be published by the clerk, at the request of either party, after giving the other, his agent or attorney, reasonable notice of the time of publication, or they may be published by order of the court, on the motion of either party."

In order for a conditional examination to become part of the record or to be before the court for its use, the condi-

tional examination must be published. This is done by order of the court upon motion of any person or party interested.

> Publication means the breaking of the sealed envelope containing the conditional examination and making it available for use by the parties or the court.

In this case no order of publication was made. The conditional examinations were not published, as evidenced by the fact that they remained sealed in their envelopes. Thus, they clearly could not have been a part of the record before the court on the motion for summary judgment. All that the trial court had before it was the unsworn to commentary of the defendants' attorney. While we do not question the veracity of this document, it does not comply with the statutory requirements. The pleadings, considered apart from the commentary in the motion, do not established that no genuine issues of material fact exist. In fact, the opposite is true.

In *United States v. Tuteur*, 215 F. 2d 415, (7th Cir. 1954), the Federal Court stated:

> "There was attached to the motion as an exhibit what purports to be a transcript of testimony ....
>
> "This document is not sworn to in any way. It is not an affidavit. Respondent contends that it is not proper to consider it in support of the motion for summary judgment. We agree."

The judgment itself raises a second consideration. The summary judgment statute, Acts 1965, ch. 90, § 1, p. 126, § 2-2524(c), Burns' 1968 Repl., provides in pertinent part:

> "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact ...."

Thus, it is necessary for the trial court to make an affirmative finding that there is no genuine issue of material fact to be decided before it can render summary judgment. Further, it is necessary for the trial court to state its reasons for the granting of summary judgment.

Our Supreme Court in *Harris v. Young Women's Christian Association of Terre Haute,* 250 Ind. 491, 237 N. E. 2d 242, at page 247 (1968), stated:

"The case at bar points up all of the compelling reasons for the Trial Judge specifying in an entry of summary judgment the grounds upon which such judgment is entered. Certainly there are all of the persuasive reasons for specifying the grounds of summary judgment that we would find on the ruling for a motion for new trial.

"In the case before us this Court or the Appellate Court is entitled to have the court below set out the reason for the granting of the motion for summary judgment."

For the reasons heretofore stated the judgment of the trial court is reversed, and this cause remanded for further proceedings consistent with this opinion.

Motion to dismiss overruled. Judgment reversed. Costs are assessed against appellees.

Pfaff, C. J., Sharp and White, JJ., concur.

NOTE.—Reported in 248 N. E. 2d 38.