**Ronald FRESON and Peggy Freson, and John E. Hopkins and Corabel Hopkins, and Harrison Building & Loan Association, Defendants-Appellants,**

v.

**Millard COMBS and Fanny Combs, Plaintiffs-Appellees.**

**No. 1-980A258.**

Court of Appeals of Indiana, First District.

March 30, 1982.

Rehearing Denied May 11, 1982.

Bobby Jay Small, Indianapolis, Daniel W. Meehan, William F. Pfister, Lawrenceburg, for defendants-appellants.

Douglas C. Holland, Lawrenceburg, for plaintiffs-appellees.

NEAL, Judge.

## STATEMENT OF THE CASE

Defendants-appellants Ronald Freson and Peggy Freson, and John E. Hopkins and Corabel Hopkins, and Harrison Building & Loan Association (Fresons and Hopkins) appeal the judgment entered in the Dearborn Circuit Court upon a jury verdict in favor of plaintiffs-appellees Millard Combs and Fanny Combs (Combs) in an action to quiet title and for damages.

We affirm in part; reverse in part and remand.

## STATEMENT OF THE FACTS

Combs filed their complaint on November 20, 1978, alleging that they were the rightful owners of property which Fresons un-

lawfully occupied and improved by constructing a house thereon. They further alleged that Hopkins had deeded and sold a portion of Combs' property to Fresons and presently were making an adverse claim to another portion of Combs' property.[1] Fresons and Hopkins asserted in their amended answer the Occupying Claimant law set forth under Ind.Code 34–1–49–1 *et seq.* which would require Fresons to pay Combs the fair market value of the occupied property upon a judgment for Combs.

Although the complaint was fashioned as a quiet title action, the case was tried pursuant to the Occupying Claimant law. Trial was held on February 19 and 20, 1980, and the jury returned a verdict in favor of Combs, valuing the parcel of land occupied by Fresons at $2,000. The trial court specifically found that Combs are the owners of real estate occupied and claimed by Fresons and Hopkins.

On February 27, 1980, Combs filed a post-trial motion stating that it was never their intention to eject Fresons from their home and they only desired that Fresons pay for the value of the land they occupied.

## ISSUES

Fresons present four issues for review as follows:

I. Whether the trial court erred in denying Defendants pre-trial motion for summary judgment pursuant to Rule 56;

II. Whether the trial court abused its discretion by refusing to take judicial notice of the pleadings and judgment in the prior cause between the parties;

III. Whether the value assessed for the land was excessive based upon the evidence presented; and

IV. Whether the trial court erred in denying Appellant's motion for judgment on the evidence at the close of all the evidence.

1. On October 8, 1976, Fresons and Hopkins had filed a complaint against Millard Combs alone

## DISCUSSION AND DECISION

*Issue I. Denial of Summary Judgment*

Defendants Fresons and Hopkins filed their motion to dismiss Combs' complaint on December 28, 1978, for the reason that it failed to state a claim upon which relief could be granted. On May 24, 1979, Fresons and Hopkins filed "a Motion for Summary Judgment under Trial Rule 12(B)(8)" which requested the trial court to consider "the depositions of the plaintiffs and other such matters outside the pleadings as may be presented and to treat the previous motion to dismiss as one for summary judgment as provided by T.R. 56." Neither the motion to dismiss nor the motion for summary judgment was verified and supported by affidavits, transcript, or other evidentiary material as contemplated by Ind.Rules of Procedure, Trial Rule 56, except a reference to Combs' depositions. However, the depositions make only a passing reference to the previous suit. An attached transcript as the rule contemplates first appears in Fresons' motion to correct errors. The trial court apparently held a hearing on Fresons' motion for summary judgment although the record does not reflect it, and on September 21, 1978, he denied the motion to dismiss and/or the summary judgment without stating reasons.

On appeal, Fresons and Hopkins argue that prior to this quiet title action, they had sued Millard Combs in the same court in Cause No. 20451. In the prior suit, upon the stipulation of the parties, the trial court found that Fresons and Hopkins were the owners of the land presently in dispute and that Millard Combs had trespassed upon it. They claim the prior, unappealed judgment precludes Combs from raising the issue of ownership in this suit. Whatever may be the merits of this assertion we need not reach, because Fresons and Hopkins have failed to properly raise and preserve for review this issue in their motions to dismiss and for summary judgment.

seeking to enjoin him from obstructing an easement.

Ind. Rules of Procedure, Trial Rule 12(B)(8) provides that if materials outside the pleadings are presented and not excluded by the court, a motion to dismiss shall be treated as a motion for summary judgment under T.R. 56. T.R. 56(C) requires that:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits and testimony, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

T.R. 56(E) requires the supporting and opposing affidavits to be made on the personal knowledge of the affiant and set forth facts as would be admissible in evidence. Sworn or certified copies of all papers referred to shall be attached.

■ Failure to support a motion for summary judgment based upon the defense of *res judicata* by a certified transcript of the prior judgment is fatal, even though the attorney for the defendant files an affidavit to that effect. *Lukacs v. Kluessner,* (1972) 154 Ind.App. 452, 290 N.E.2d 125.

■ Materials adduced in support of a motion under this rule must be in the form intended or the court will not consider the same. The unsworn commentary of an attorney does not comply with the rule and will not be considered. *Swartzell v. Herrin,* (1969) 144 Ind.App. 611, 248 N.E.2d 38. Likewise, a brief filed in support of a motion does not comply with the rule and will not be considered. *Schill v. Choate,* (1969) 144 Ind.App. 543, 247 N.E.2d 688. An unsworn statement or uncertified exhibit does not qualify. *Pomerenke v. National Life and Accident Insurance Co.,* (1968) 143 Ind. App. 472, 241 N.E.2d 390; 3 W. Harvey, Indiana Practice § 56.5, at 556 (1970).

■ It is only when a motion for summary judgment is supported by an affidavit made on personal knowledge setting forth facts admissible into evidence and affirmatively showing that the affiant is competent to testify to matters stated therein that an adverse party must respond by affidavits setting forth specific facts showing that there is a genuine issue for trial; absent furnishing of sufficient affidavits by the moving party, summary judgment in his favor is not appropriate and failure of the opposing party to respond does not entitle the moving party to a summary judgment. *Renn v. Davidson's Southport Lumber Co., Inc.,* (1973) 157 Ind.App. 446, 300 N.E.2d 682.

■ In the case at bar, there was no proper affidavit before the court. The motions to dismiss and for summary judgment did not set out facts or even direct the court to the affirmative defense of *res judicata.* No memoranda were filed, and no evidentiary material was presented. At this juncture the trial court was not asked, and could not, if asked, take judicial notice of its own records in a prior, separate case, even though the parties and the subject matter were related. Such record, however, can be a proper matter for evidence. *Fletcher Savings and Trust Company et al. v. American State Bank of Lawrenceburg,* (1925) 196 Ind. 118, 147 N.E. 524; *Treesh v. DeVeny,* (1945) 116 Ind.App. 305, 64 N.E.2d 41. The only place in the record where the subject matter of *res judicata* appears is the unverified answer filed by Fresons and Hopkins, and an exhibit attached to their motion to correct errors. Such proof is insufficient, and the trial court did not err in denying the summary judgment.

*Issue II. Judicial notice*

Fresons and Hopkins contend that the trial court erred in refusing to take judicial notice of the prior suit under Cause No. 20451. Their argument is flawed in at least three particulars. First, a trial court may not take judicial notice of its own records in another case previously before the court even on a related subject and related parties. *Fletcher Savings and Trust Company, supra; Treesh, supra;* 31 C.J.S. *Evidence* § 50(3).

Second, the trial court in the pretrial order informed the parties that it would take judicial notice of the proceedings in Cause No. 20451. However, on February 8,

1980, eleven days before the commencement of the trial, the court informed the parties by letter that it considered the ownership of the land was not decided in the previous case, which only established an easement. The trial court also said that "as a matter of law, I find res judicata does not apply." No order book entry was made to that effect. At trial, Fresons and Hopkins made no effort to enter into the record by evidence, or by a request for judicial notice, the record of the proceedings in Cause No. 20451. After both sides had rested, Fresons and Hopkins requested the court to take judicial notice of Cause No. 20451 and its proceedings, which the trial court refused to do.

■■■ We treat the February 8, 1980, letter of the trial court to the parties, at most, as an order in limine. Even though a motion in limine is granted a party must make an offer to prove at trial, or any error predicated upon the granting of the motion is waived. *State v. Church of Nazarene of Logansport,* (1978) 268 Ind. 523, 377 N.E.2d 607. We see no distinction between the application of the above rule requiring an offer to prove, and a denial of a request to take judicial notice. In order to preserve error upon the denial of a request to take judicial notice of a fact, the requesting party must renew his request at trial. And, in order for the trial court to take judicial notice of a prior case, one must tender a certified copy of that judgment. *Lukacs, supra.* Judicial notice is merely the cognizance of certain facts which jurors and judges may properly take into account and act upon without proof. Judicial notice is a branch of the law of evidence. It is merely a short cut, a doing away with the formal necessity of evidence. 31 C.J.S. *Evidence* § 50(1). As such, documents or exhibits that a party desires to be judicially noticed must be offered and brought to the attention of the trier (in this case the jury). To preserve error an offer must be made. If a request for judicial notice of documents is

granted, the document must be admitted into evidence and then exhibited or read to the jury. Here, nothing of the kind was done, and no offer to prove was made. The records of Cause No. 20451 were not received into evidence, and did not become a part of the record until filing of the motion to correct errors, and by then it was too late.

■■■ Third, evidence must be proffered during the course of the trial. Here, the request for judicial notice was not made until both sides rested. It is a matter of discretion whether the trial court will permit a party to give additional evidence or testimony after he has rested, after both parties have rested their case in chief, or after the close of all of the evidence. 28 I.L.E. *Trusts* § 55. Diligence must be shown. *Freeman v. Freeman,* (1973) 159 Ind.App. 98, 304 N.E.2d 865. *See also, Utopia Coach Corporation v. Weatherwax,* (1978) Ind.App., 379 N.E.2d 518.

For the above reasons we perceive no error in the trial court's ruling.

*Issue III. Excessive value*

Fresons and Hopkins claim that damages beyond the scope of the evidence were awarded Combs. The jury assessed the value of the .995 acre parcel of land [2] occupied by Fresons, exclusive of improvements, at $2,000. Fresons argue the evidence only established that this parcel was worth around $1,500.

■■■ When we consider a claim of excessive damages, we will not disturb the award unless it is beyond the purview of the evidence, or unless passion or prejudice motivated the award or improper evidence was considered. *Indiana Motorcycle Association v. Hudson,* (1980) Ind.App., 399 N.E.2d 775; *Friendship Farms Camps, Inc. v. Parson,* (1977) 172 Ind.App. 73, 359 N.E.2d 280.

■■■ The Fresons introduced evidence at trial which indicated the land they occupied was worth around $1,500. As Fresons point out in their brief, no other evidence was

**2.** The jury found that Fresons and Hopkins had not acquired any portion of Combs' land by adverse possession. In addition to the .995

acre parcel, the trial court found that Combs owned approximately one and one-half acres which Hopkins had been claiming as their land.

presented, either by them or Combs, on the question of the value of the land. We agree and therefore reduce the damages awarded to Combs from $2,000 to $1,500, which amount is within the scope of the evidence.

*Issue IV. Judgment on the evidence*

Fresons and Hopkins moved for judgment on the evidence at the close of Combs' evidence and at the close of all the evidence. They contend the trial court erred in failing to grant the motion. In *Hendrickson & Sons Motor Co. v. Osha*, (1975) 165 Ind.App. 185, 207–8, 331 N.E.2d 743, Judge Lybrook articulated the rules governing this motion:

"Motions for judgment on the evidence (directed verdict) are governed by Ind. Rules of Procedure, Trial Rule 50. Pursuant to that rule, a defendant's motion for judgment on the evidence made at the close of the plaintiff's evidence or at the close of all the evidence should be granted only in the absence of evidence or reasonable inference on at least one essential element of the plaintiff's claim, *Miller v. Griesel* (1974), 261 Ind. 604, 308 N.E.2d 701; *Mamula v. Ford Motor Co.* (1971), 150 Ind.App. 179, 275 N.E.2d 849. The evidence must be without conflict and susceptible of but one inference, that being in favor of the moving party. In examining the evidence, the trial judge must draw all fair and rational inferences in favor of the party opposing the motion and give that party every favorable intendment of the evidence. *Jordanich v. Gerstbauer* (1972), 153 Ind.App. 416, 287 N.E.2d 784. The court may not substitute its judgment for that of the jury on questions of fact nor grant the motion because the evidence decidedly preponderates in favor of the moving party. *Smith v. Chesapeake and Ohio Railroad Co.* (1974), 160 Ind.App. 256, 311 N.E.2d 462; *Galbreath v. City of Logansport* (1972), 151 Ind.App. 291, 279 N.E.2d 578.

Appellate review of rulings on motions for judgment on the evidence is subject to the same standards which govern the trial court in ruling on the motion. Our task therefore is to determine whether there was any evidence justifying submission to the jury of Osha's claim against Hendrickson. See, *Myers v. Maris* (1975), 164 Ind.App. 34, 326 N.E.2d 577; *Smith v. Chesapeake and Ohio Railroad Co., supra.*"

Fresons and Hopkins allege the evidence is susceptible to only one reasonable interpretation giving them title to the disputed property. However, in accordance with our standard of review quoted above, we must determine whether there was any evidence justifying submission to the jury of Combs' claim against Fresons and Hopkins.

Combs' complaint contained an allegation that they were the rightful owners of the property in question, and their deed was recorded in the Dearborn County Recorder's Office. Also, it included a particular description of the real estate claimed. In a suit to quiet title, plaintiff is bound to prove that he was the owner of land in controversy at the commencement of the action. *Brady v. Gregory*, (1912) 49 Ind.App. 355, 97 N.E. 452. Also, a plaintiff seeking to quiet title must recover upon the strength of his own title. *Ross v. Legler*, (1964) 245 Ind. 655, 199 N.E.2d 346. Furthermore, in an action to quiet title, where plaintiff specifically describes title on which he relies, recovery must be on title as laid. *Ault v. Miller*, (1932) 203 Ind. 487, 181 N.E. 35.

The evidence establishes that Combs have claimed ownership of the land in question and have diligently paid taxes on that land since 1950. At the time Fresons surveyed the disputed land in 1976, Combs immediately pulled up the survey stakes, claiming the property as their own land. The county surveyor's survey supported Combs' claim as to the placement of the boundary line in relation to the monuments described in Combs' deed. The Combs used the land in question. Under our standards of review, we cannot say the evidence was without conflict and susceptible of but one inference, that being in favor of the Fresons. For this reason, Fresons'

and Hopkins' motions for judgment on the evidence were properly overruled.

For the reasons stated above, the decision of the trial court is affirmed in part, and reversed and remanded in part for reduction in damages consistent with this opinion.

Affirmed in part; reversed in part and remanded.

RATLIFF, P. J., and ROBERTSON, J., concur.