Delos K. **ALBERTS, Plaintiff–Appellant,**

v.

**MACK TRUCKS, INC. and National Seating Company, Defendants–Appellees.**

No. 37A03–8806–CV–184.

Court of Appeals of Indiana, Third District.

July 19, 1989.

---

1. The record was supplemented by affidavits       from both parties.

Charles V. Vaughan, Julia A. Overton, Vaughan and Vaughan, Lafayette, for plaintiff-appellant.

Lester F. Murphy, Burke, Murphy, Costanza & Cuppy, East Chicago, for appellee Mack Trucks, Inc.

Donald J. Tribbett, Walker Starr Austen & Tribbett, Logansport, for appellee Nat. Seating Co.

GARRARD, Presiding Justice.

Delos K. Alberts (Alberts) appeals an order of the Jasper Circuit Court granting Mack Trucks, Inc.'s (Mack Trucks') and National Seating Company's (NSC's) motions to dismiss for lack of personal jurisdiction. We affirm in part and reverse in part.

Alberts alleges in his complaint that he was injured on May 14, 1985 while driving a Mack Truck and sitting in a seat manufactured by NSC. The incident occurred in Illinois when Alberts' truck hit a bump in the road which caused his seat to thrust him into the roof of his truck cab. Alberts is an Indiana resident employed at the Lafayette, Indiana terminal of the LCL Transit Company, a Wisconsin corporation.

In response to Alberts' complaint both Mack Trucks and NSC filed motions to dismiss pursuant to Indiana Rules of Procedure, Trial Rule 12(B)(2). An unrecorded hearing was held on these motions in the court's chambers. Prior to the filing of its motion, NSC mailed interrogatories to Albert's counsel.

Alberts then filed a motion for leave to file amended complaint, which was granted. The motions to dismiss of Mack Trucks and NSC were also granted in the same order. Subsequently, Alberts filed a motion to set aside dismissal without prejudice. After a hearing, Alberts' motion was denied by the court. Alberts next attempted to file a second verified amended complaint; however, this was not allowed by the trial court.

Thereafter, Alberts filed his motion to correct errors. Attached to the motion was the sworn affidavit of the attorney who represented Alberts at the hearing on his motion to dismiss.

Alberts' motion was denied. He now appeals raising four issues for our review:

1. Whether the trial court erred in failing to consider the contents of the affidavit of attorney Charles V. Vaughn attached to his motion to correct errors concerning the minimum contacts of Mack Truck and NSC.
2. Whether the trial court erred in granting Mack Trucks' motion to dismiss.
3. Whether the trial court erred in granting NSC's motion to dismiss.
4. Whether the trial court erred in not allowing Alberts to file a second verified amended complaint.

Alberts first argues that the trial court erred when it failed to consider the affidavit of his attorney, Charles Vaughn (Vaughn), attached to his motion to correct errors. The affidavit concerns the unrecorded hearing on Mack Trucks' and NSC's motions to dismiss held in the court's chambers. The affidavit contains argument made by Vaughn at that hearing regarding the minimum contacts Mack Trucks and NSC have with Indiana.

Vaughn's affidavit was attached to Alberts' motion to correct errors pursuant to TR 59(H)(1) which states:

(1) When a motion to correct error is based upon evidence outside the record, the motion shall be supported by affidavits showing the truth of the grounds set out in the motion and the affidavits shall be served with the motion.

Under TR 59(H)(1) affidavits concerning matters which occur during proceedings before the court but which are not reflected in the record may be filed in support of a motion to correct errors. *Mid–States Aircraft Engines v. Mize Co.* (1984), Ind.App., 467 N.E.2d 1242, 1245. The parties opposing the motion have fifteen days to file opposing affidavits. TR 59(H)(2).

In the present case neither NSC nor Mack Trucks filed opposing affidavits. Generally, when this occurs this court accepts as true the facts stated in the affidavit attached to the motion to correct errors. *In re Marriage of Myers* (1979), 180 Ind. App. 284, 387 N.E.2d 1360, 1362.

However, Vaughn's affidavit does not refer to facts in evidence; it merely discloses his unsworn arguments made at the hearing on NSC's and Mack Trucks' motions to dismiss. We accept as true the fact that these arguments were made by Vaughn. However, we cannot accept as true the averments themselves because the record contains no basis for doing so. The unsworn commentary of an attorney is inadequate to establish facts "in evidence" before the court. *Freson v. Combs* (1982), Ind.App., 433 N.E.2d 55, 59.

Alberts next argues that the trial court abused its discretion in failing to find *in personam* jurisdiction over Mack Trucks. We agree.

His first contention, that the trial court erroneously overlooked arguments by counsel, we have already rejected.

Alberts secondly contends that the trial court misconstrued *World–Wide Volkswagon v. Woodson* (1980), 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 when it found, based on that case, that Indiana did not have jurisdiction over Mack Trucks, Inc. Mack Trucks' brief alternatively argues that *World–Wide Volkswagon* supports the trial court's holding.

However, a discussion of *World–Wide Volkswagon* is premature. It is first necessary to consider the burden of proof in jurisdictional matters. In Indiana, jurisdiction is presumed and need not be alleged. TR 8(A). A party *challenging* jurisdiction must establish it by a preponderance of the evidence unless lack of jurisdiction is apparent on the fact of the complaint. *Mid–States Aircraft Engines v. Mize Co.* (1984), Ind.App., 467 N.E.2d 1242, 1247. *See also Town of Eaton v. Rickert* (1968), 251 Ind. 219, 240 N.E.2d 821.

Mack Trucks argues that it should not be required to carry the burden of proof and cites *Reames v. Dollar Savings Association* (1988), Ind.App., 519 N.E.2d 175, 176 as support for its position. In *Reames* the first district did state that:

The burden of proving the existence of personal jurisdiction is on the party claiming personal jurisdiction if chal-

lenged, as in this case by a motion to dismiss. *Nu–Way Systems v. Belmont Marketing, Inc.* (7th Cir.1980), 635 F.2d 617, 619, n. 2.

The cited footnote states:

Nu–Way also argues that the district court committed reversible error by allocating to it the burden of proof on the personal jurisdiction question contrary to Trial Rule 8(C) of the Indiana Rules of Trial Procedure, which places the burden of proof on the moving party. However, despite ambivalent phraseology, the district judge did not actually shift the burden of proof. In essence he ruled that Nu–Way had failed to show 'a basis' for the exercise of *in personam* jurisdiction and had failed to contradict any of the facts in the record, which standing uncontradicted, were *insufficient* to establish the requisite 'minimum contacts' with Indiana as required by *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. Any presumption of jurisdiction under Trial Rule 8(C) is of course rebuttable. Moreover, in another recent Indiana diversity case Chief Judge Steckler held the burden of proof to show personal jurisdiction based on the Indiana long-arm provision is on the plaintiff if challenged, as here, by a motion to dismiss. *Oddi v. Mariner–Denver, Inc.*, 461 F.Supp. 306, 310 (S.D. Ind.1978).

*Nu–Way Systems v. Belmont Marketing, Inc., supra.* However, *Oddi v. Mariner–Denver, Inc., supra*, is a diversity action and therefore distinguishable from the present case. In that sense, federal courts are courts of limited jurisdiction whereas the court in the present case is a court of general jurisdiction. *Oddi* is not inconsistent with our Supreme Court's holding in *Town of Eaton v. Rickert, supra*, 240 N.E. 2d at 824:

In the case of a court of general jurisdiction, such as a circuit court of this state, the record need not affirmatively show such jurisdiction, although such a showing is necessary in a court of inferior or limited jurisdiction. The burden is on the party attacking jurisdiction to make a proper showing in a court of general jurisdiction.

Furthermore, Indiana law is consistent with *Nu–Way* because there the lower court ruled that Nu–Way had failed to show "a basis" for the exercise of *in personam* jurisdiction. Similarly, in Indiana, the party challenging jurisdiction does not have the burden of proof where the face of the complaint fails to reveal a basis for jurisdiction.

In the present case, Alberts alleges jurisdiction over Mack Trucks on the face of the complaint. The complaint alleges that "The Defendant, Mack Trucks, Inc., is a corporation doing business in the State of Indiana." Pursuant to Indiana's long arm statute, T.R. 4.4, "doing business in the State of Indiana" is a basis for the exercise of jurisdiction over Mack Truck by an Indiana court.

■ Therefore, it was Mack Trucks' initial burden to at least go forward with evidence to establish that Indiana courts did not have jurisdiction. Mack Trucks produced no evidence at the hearing on the motion to dismiss to carry this burden.

We recognize that there may be due process implications under *World–Wide Volkswagon* concerning where the ultimate burden of proving jurisdiction rests. However, in the present case that issue need not be reached because no evidence as to jurisdiction was presented by Mack Trucks (or by Alberts) at the hearing on its motion to dismiss. Since no evidence was presented, Mack Trucks did not meet its initial burden of going forward with the evidence. Therefore, the trial court erred in granting Mack Trucks' motion to dismiss.

■ Alberts next argues that the trial court erred in granting NSC's motion to dismiss. He first claims the trial court erred in finding that NSC did not waive jurisdiction by sending to Alberts' counsel interrogatories which sought to generate a defense on the merits. A party who is not otherwise subject to the personal jurisdiction of the court may, nevertheless, submit himself to the court's jurisdiction. *State v. Omega Painting, Inc.* (1984), Ind.App., 463

N.E.2d 287, 291. Alberts argues that by sending interrogatories to his counsel, Mack Trucks submitted itself to the Indiana court's jurisdiction. In *Omega Painting, supra,* 463 N.E.2d at 293, we held:

> While the State could have properly preserved the question of jurisdiction in its answer and then proceeded with a defense on the merits, by filing its interrogatories prior to the assertion of the defense, the State has waived the jurisdictional issue.

■ NSC argues that since it is no longer necessary to file interrogatories with the court, parties do not waive jurisdiction by merely sending interrogatories to opposing counsel. We agree.

The theory behind waiver of personal jurisdiction is that when a party enjoys the use of the judicial procedure which the state provides, that party cannot then object to the power of the state being asserted over it. 1 W. Harvey, *Indiana Practice* § 4.4.19, p. 173, 1987.

■ By sending interrogatories to Alberts' counsel, NSC did not submit to the personal jurisdiction of the court. Jurisdiction will not be found to be waived until a party affirmatively uses the court's procedure, such as in a motion to compel answers to interrogatories pursuant to TR 37.[1]

Alberts next contends that even if NSC did not submit to personal jurisdiction by sending interrogatories to Alberts' counsel, the uncontroverted affidavit of his attorney, Vaughn, establishes sufficient acts on the part of NSC to confer jurisdiction.

■ As we have already stated, Vaughn's affidavit was insufficient to that task. Furthermore, unlike the complaint against Mack Trucks, jurisdiction in Indiana does not appear on the face of the complaint against NSC. Alberts does not allege that NSC is a corporation doing business in Indiana. In fact, it alleges merely

that NSC does business in Ohio. There are no assertions that NSC participates in any activities which would subject it to Indiana's long arm statute, TR 4.4. Since jurisdiction is not apparent from the face of the complaint, the initial burden of going forward with evidence to show jurisdiction rested with Alberts.

Because no evidence was presented at the hearing on Mack Trucks' and NSC's motions to dismiss by Alberts, he did not meet his burden of proving jurisdiction over NSC. Therefore, the trial court did not err in granting NSC's motion to dismiss.

■ Alberts finally argues that the trial court erred in not allowing the plaintiff to file his verified second amended complaint as a matter of right after Mack Trucks' and NSC's motions to dismiss were granted. He argues that this was in error because TR 6(C)(2) allows a plaintiff to file a verified amended complaint as a matter of right. We disagree. TR 6 concerns the time limits for taking appropriate action. Subsection (C)(2) merely provides that *if* the court grants a Rule 12 motion and corrective action is allowed, it shall be taken within ten days. The pleading in question was Alberts' second amended complaint. Since the dismissal was granted pursuant to TR 12(B)(2), the automatic right to plead over where a TR 12(B)(6) motion is granted had no application. Pursuant to TR 15(A) Alberts was required to secure leave of court to again amend his complaint:

> (A) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted, and the action has not been placed upon the trial calendar, he may so amend it at any time within thirty [30] days after it is served. *Otherwise a party may amend his pleading only by leave of court or by written consent of*

---

**1.** In the present case NSC did file a motion to compel pursuant to TR 37. However, this was after the filing of its TR 12(B)(2) motion to dismiss for lack of jurisdiction. Where the is-

sue of lack of personal jurisdiction is properly preserved, the defendant may proceed with a defense on the merits without waiving the jurisdictional issue. *Omega* at 292.

*the adverse party; and leave shall be given when justice so requires.* A party shall plead in response to the original pleading or within twenty [20] days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders. (emphasis added)

Since Alberts did not ask for leave to file his verified second amended complaint, the court did not err in denying Alberts' motion. *Sekerez v. Gary Redevelopment Commission* (1973), 157 Ind.App. 654, 301 N.E.2d 372.

Affirmed in part and Reversed in part.

STATON and BAKER, JJ., concur.