Ronald J. PAWLOSKI, Jr., Appellant
(Defendant Below)

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 64A03–8912–CR–527.

Court of Appeals of Indiana,
Third District.

June 25, 1990.

David E. Vandercoy, Valparaiso, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, J.

Ronald J. Pawloski, Jr. (Pawloski) appeals the probation-revocation court's decision requiring that Pawloski's original two year sentence be served consecutive to a sentence Pawloski later received for a crime committed during his probation. He presents the following two issues for our review:

I. Whether the court erred in ordering that Pawloski serve his original sentence consecutive to the twelve-year sentence he received for a conviction while on probation?

II. Whether vindictiveness motivated the State to request that Pawloski's original sentence be served consecutively to the twelve-year sentence?

Reversed.

In January of 1988, two separate charges pending against Pawloski were consolidated. Pawloski pled guilty to both charges and received two consecutive two-year sentences; all but 30 days were suspended on one charge, and all but twenty days were suspended on the other charge.

On April 12, 1988, the State petitioned to revoke Pawloski's probation, and on May 10, 1988, the court found that Pawloski had violated his probation. Consequently, the court imposed the remainder of his two year term. However, in December of 1988, Pawloski moved to have the revocation set aside because he was not represented by counsel.

Consequently, on February 3, 1989, pursuant to the stipulations of both parties, the court set aside the revocation of Pawloski's probation. Also on February 3, 1989, Pawloski pled guilty to an unrelated Robbery charge and received a twelve-year sentence pursuant to the plea agreement.

On March 27, 1989, the State filed an Addendum to its petition to revoke Pawloski's probation; this included a request, in the form of an addendum, that any sentence imposed because of the revocation of Pawloski's probation be imposed consecutive to the twelve-year sentence imposed in February of 1989. In August, the court denied Pawloski's Motion to Dismiss the State's Addendum to Petition for Revocation of Probation. The court revoked Pawloski's probation, making his original two-year sentence consecutive to the twelve-year sentence.

In this appeal, Pawloski appeals the consecutive imposition of his original two-year sentence, claiming that the court inappropriately modified his original sentence, and that the State's request for consecutive sentences was motivated by vindictiveness based upon Pawloski's decision to request post-conviction relief. However, our disposition of Issue I makes it unnecessary for us to address Issue II.

*Imposition of Consecutive Sentences*

Pawloski claims that the probation-revocation court erred by re-imposing his original two-year sentence consecutive to the twelve-year sentence he had received for a later charge. Specifically, Pawloski argues that the probation-revocation court had no authority to order that the original sentence be served consecutively to the twelve year sentence; he also argues that I.C. 35–50–1–2 cannot apply because the State failed to provide the proof required by this statute. Pawloski is correct.

Two Indiana statutes indicate that the original sentence may be imposed upon revocation of probation.

(f) If the court finds that the person has violated a condition at any time before termination of the period, it may:

(2) order execution of the sentence that was suspended at the time of initial sentencing.

West's A.I.C. 35–38–2–3(f)(2). Similarly,

(c) A person whose parole is revoked shall be imprisoned for the remainder of his fixed term.

West's A.I.C. § 35–50–6–1(c). Thus, the probation-revocation court had the authority to order Pawloski to serve his original two-year sentence.

Here, however, the court did not merely re-impose Pawloski's original two-year sentence; the court ordered that the two-year sentence be imposed consecutively to a later sentence received by Pawloski.

In a similar case, a defendant's probation was revoked, and the court re-imposed that sentence to run consecutive to a sentence the defendant received pursuant to a guilty plea while on probation. The Indiana Court of Appeals stated:

A trial court has no authority to order the previously suspended sentences to run consecutive to any other sentence. [Citations omitted.]

*Young v. State* (1980), Ind.App., 413 N.E.2d 1083, 1086.

Although *Young* was decided prior to the advent of I.C. 35–50–1–2, the statute is inapplicable to Pawloski's position. In pertinent part, the statute reads:

(b) If, *after* being arrested for one (1) crime, a person *commits* another crime:

(1) *before the date the person is discharged from probation,* parole, or a term of imprisonment imposed for the first crime;

\*    \*    \*    \*    \*    \*

the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed. (Emphases added.)

West's A.I.C. § 35–50–1–2(b)(1) (Supp. 1989).

Here, Pawloski correctly argues that the record is void of evidence indicating that he actually *committed* the second crime (for which he received a twelve-year sentence) *after* he was arrested for the first crimes. In essence, Pawloski is arguing that he *could* have committed the second crime prior to his commission of the first crimes. The record does not prove him wrong.

Although the record reveals that Pawloski was *arrested* for the second crime on May 2, 1988, a date subsequent to the date Pawloski was placed on probation, the date of arrest is not sufficient. Pursuant to I.C. 35–50–1–2, the second crime had to be *committed* while the defendant was on probation. Such was not proven in this case.

Thus, as Pawloski correctly points out, nothing indicates that he did not commit the "second" crime prior to the time he was placed on probation. If such is the case, I.C. 35–50–1–2 is inapplicable. "The enhancement of consecutive sentencing under the statute [, i.e., I.C. 35–50–1–2,] attaches to a conviction for a crime *committed while on probation* [.]" *Jones v. State* (1989), Ind.App., 536 N.E.2d 1051, 1053, *reh. denied.* As no evidence indicates that Pawloski *committed* a crime while on probation, I.C. 35–50–1–2 does not apply.

Therefore, while the court imposing the twelve year sentence clearly had the authority to make it consecutive to any other sentence Pawloski might have received, this, the court did not do. Furthermore, the record does not reveal any request by the State for the imposition of consecutive sentences at that time, even though the State was in the process of requesting that Pawloski's probation be revoked.

Consequently, we vacate the probation-revocation sentences and remand for sentencing in accord with this opinion.

GARRARD and BUCHANAN, JJ., concur.