# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 18 2017, 9:02 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Gregory L. Fumarolo
Fort Wayne, IN

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, IN

## IN THE
## COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Eugene White, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | October 18, 2017 <br><br> Court of Appeals Case No. <br> 02A03-1705-CR-1157 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Frances C. Gull, Judge <br><br> Trial Court Cause No. <br> 02D05-1304-FB-70 |

**Vaidik, Chief Judge.**

# Case Summary

[1] Eugene White appeals the revocation of his probation. We affirm.

# Facts and Procedural History

[2] In 2013, White pled guilty to burglary and was sentenced to ten years—six years to serve and four years suspended to probation. He was released to probation in October 2015. In April 2016, White violated his probation by failing to report as directed, and in June 2016 he was readmitted to probation with the added condition of "zero tolerance." Appellant's App. Vol. II p. 53.

[3] One morning about two months later, a man in Fort Wayne called police to report that someone had broken into his house and stolen his TV and other items. Around the same time, a few blocks away from the house, a detective saw a man, later identified as White, carrying a TV. Thinking this odd, the detective approached White, who dropped the TV and ran. The detective eventually caught White, and it was determined that the TV and other items he had in his possession had been taken from the burglarized house.

[4] Based on this conduct, the State made two filings: a new criminal case, charging White with burglary and resisting law enforcement, and a petition to revoke his probation in the earlier case. A jury found White guilty of the new charges, and the trial court scheduled a sentencing hearing. The court said that it would "status" the probation matter at the same hearing, and the State asked the court to "incorporate the evidence presented at the trial into that status,"

which the court agreed to do. Tr. Vol. II pp. 186-87. At that hearing, the court sentenced White to ten years on the new charges, found that he had violated his probation on the original burglary charge, and ordered him to serve the four years of previously suspended time.

White now appeals.

# Discussion and Decision

White's first argument on appeal is that the State failed to present sufficient evidence to prove—under the preponderance-of-the-evidence standard applicable in probation-revocation proceedings, *see* Ind. Code § 35-38-2-3(f)— that he violated his probation. Specifically, he questions the strength of the State's evidence that he committed the new burglary, notwithstanding the jury's guilty verdict.[1] There are two problems with this argument. First, the strength of that evidence is irrelevant; the mere proof of conviction, regardless of the strength of the State's evidence, gave the trial court all it needed to find a probation violation. *See Bane v. State*, 579 N.E.2d 1339, 1341 (Ind. Ct. App. 1991) ("The evidence that Bane was convicted of murder was admitted in the sentencing phase of the hearing, and conclusively established that he committed a crime for purposes of the immediately subsequent probation revocation

---

[1] In the "Summary of the Argument" section of his brief, White notes that he has filed a separate appeal to challenge the burglary conviction. Nowhere in his brief, however, does he develop an argument as to why that fact should impact our review of the probation revocation.

phase."), *trans. denied*; *see also Henderson v. State*, 544 N.E.2d 507, 513 (Ind. 1989) ("The burglary conviction provided grounds supporting the trial court in its finding that Henderson had violated his probation."). Second, even if we disregard the burglary charge and conviction, White concedes that he committed resisting law enforcement, and that criminal act alone justified revocation. *See* Ind. Code § 35-38-2-1(b) ("If the person commits an additional crime, the court may revoke the probation."). White has not shown that the trial court erred by finding a probation violation.

[7] White's second argument fares no better. He asserts that the trial court should not have ordered him to serve all four years of his suspended time. Our trial courts enjoy broad discretion in sanctioning probation violations, *Runyon v. State*, 939 N.E.2d 613, 618 (Ind. 2010), and the court did not abuse that discretion in this case. White had been on probation for his original burglary for less than six months when he committed his first probation violation (failure to report). He was allowed to remain on probation, but a "zero tolerance" condition was added. Two months later, he committed his new crimes, including another burglary. Also, as the trial court noted, White has a criminal record stretching back to 2008, and less restrictive efforts at rehabilitation (including informal probation and shorter jail sentences) have failed. The trial court acted well within its discretion when it ordered White to serve all of his suspended sentence.

[8] Affirmed.

Mathias, J., and Crone, J., concur.