Allen Dwayne SMITH, Appellant,

v.

STATE of Indiana, Appellee.

No. 381S85.

Supreme Court of Indiana.

Jan. 18, 1983.

Timothy J. Burns, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Judge.

Appellant was charged on a two-count indictment. Count I was for Burglary; Count II was for Attempted Rape. Trial by jury resulted in verdicts of guilty on both counts. Appellant was sentenced to ten (10) years imprisonment on Count I and thirty (30) years imprisonment on Count II, the sentences to run concurrently. This is a belated appeal granted by this Court on a petition by appellant.

Appellant claims error was committed by the trial court in determining he was competent to stand trial and that the procedure used in reaching this determination did not comport with the governing statute.

The question of appellant's competency was not raised until a Motion for Continuance of Sentencing was filed August 24, 1979. The issue was not raised in the Motion to Correct Errors but was finally raised in a Belated Motion to Correct Errors filed January 8, 1980. At the hearing on this motion held April 25, 1980, which all parties have treated as a hearing on appellant's competency as well, testimony from one psychiatrist, Dr. Small, who was privately retained by appellant's family, was heard. At the conclusion of the hearing the special judge found appellant to have waived the question of his competency to stand trial by noncompliance with the governing statute, I.C. § 35–5–3.1–1 [Burns 1979 Repl.], repealed by Acts 1981, P.L. 298, § 9, effective September 1, 1982, now codified as I.C. § 35–36–3–1 (1982 ed.). Though the ultimate determination of the question does not rest upon that ground, some discussion of that result is necessary at this point.

I.C. § 35–5–3.1–1 reads in part as follows:

"*Hearing to determine defendant's ability to understand proceedings and assist in preparation of his defense.*—(a) *If at any time before the final submission of any criminal case to the court or jury trying the same, the court, either from its own knowledge or upon the suggestion of any person, has reasonable grounds for believing that the defendant lacks the ability to understand the proceedings and assist in the preparation of his defense, the court shall immediately fix a time for a hearing to determine whether the defendant has that ability. The court shall appoint two [2] competent disinterested psychiatrists, who shall examine the defendant for the purpose of forming an opinion as to whether the defendant has that ability and shall testify concerning the same at the hearing.*" (Emphasis added.)

The special judge's ruling as to waiver of the question was premised on the emphasized portion of the statute above, which clearly purports to require the question of a defendant's competency to stand trial to be raised prior to the commencement of the fact finder's deliberations in the case. However, as a matter of due process of law a person who lacks sufficient comprehension to understand criminal proceedings against him and to assist in his defense cannot be put on trial for an offense until he becomes competent. *Drope v. Missouri,* (1975) 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103; *Pate v. Robinson,* (1966) 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815; *Dragon v. State,* (1979) 270 Ind. 223, 383 N.E.2d 1046. Furthermore, waiver is an inapposite concept in a competency situation. *Pate, supra; Dragon, supra.* Consequently, notwithstanding the language of I.C. § 35–5–3.1–1, the question of a defendant's competency to stand trial may be raised at any time, including long after trial, conviction, and sentencing have occurred. *See, e.g., Evans v. State,* (1973) 261 Ind. 148, 300 N.E.2d 882; *Tinsley v. State,* (1973) 260 Ind. 577, 298 N.E.2d 429. Although I.C. § 35–5–3.1–1 [Burns 1979 Repl.] has been repealed, this defect in the statute

was not corrected in the statute passed as Acts 1981, P.L. 298, § 9, now codified as I.C. § 35–36–3–1 (1982 ed.). Any reliance on that part of the statute to hold a defendant has waived his right to have his competency to stand trial determined would be misplaced.

In view of the considerations above, and without deciding the issues raised in the instant case, on June 23, 1982, we ordered the trial court to make a determination of appellant's competency to stand trial. Such determination was made and filed with this Court on September 16, 1982. We then ordered supplemental briefing on that issue alone.

The special judge found appellant to have been competent to stand trial. Trial had commenced on July 26, 1979, and was concluded August 1, 1979. The hearing on competency was held as part of the hearing on the Belated Motion to Correct Errors on April 25, 1980. No additional hearing was held following our order of June 23, 1982.

The basis for the special judge's finding of appellant's competency is that "the defendant was found competent to stand trial in a companion case, CR 79–184B, on the Friday [July 20, 1979] preceding the trial of the instant case . . . ." Further the entry reflects the finding that in the previously referred to companion case "the defendant had been examined and based on the record and all the evidence before the Court was found competent to stand trial." The special judge then stated she took judicial notice of these other proceedings and the result thereof.

At the April 25 hearing reference was made to the finding of appellant's competency in the companion case. Neither at that time nor in the supplemental briefing did appellant challenge the evidence that he was found competent to stand trial in another case. (At one point in this record it is indicated that the determination was made on July 25, not July 20 as reflected in the special judge's certified entry to this Court.) At the April 25 hearing in this case the psychiatrists who had testified in the other case were not called as witnesses, nor was

any report from them submitted as evidence. The only testimony heard was that of Dr. Small, appellant's privately retained psychiatrist. He testified on cross-examination by the prosecutor that he regarded the other two psychiatrists who had examined appellant as "excellent" and that he was aware they found appellant competent to stand trial.

Appellant makes three arguments with regard to the competency issue. The first two relate to the specific requirements of I.C. § 35–5–3.1–1. First he claims the procedure set forth there was not followed because no hearing on competency as called for by the statute was held.

■ We do not agree. It is apparent that despite the unusual course of procedural events in this case, the hearing on the Belated Motion to Correct Errors was treated, in part, as a hearing on competency, has been accepted as such by the parties, and served the purpose for such a hearing as far as it went. *See, Bryan v. State,* (1982) Ind., 438 N.E.2d 709. No error was committed in this regard.

Appellant also contends the statutory requirements were not adhered to in that (1) no psychiatrists were appointed *in this case* to examine him, and (2) even if the appointment of the two psychiatrists in the companion case is construed as sufficient to satisfy the statutory requirement in the instant case, they did not testify at the hearing. Before treating this argument, we find it necessary to address some other substantial issues raised by the procedure used in this case.

The evidence of the prior adjudication of appellant's competency to stand trial, in the form in which the testimony was taken, was pure hearsay. Hearsay is defined as in-court testimony concerning an extrajudicial statement that is being offered to prove the truth of the matter asserted therein. *Bray v. State,* (1982) Ind., 430 N.E.2d 1162. In the hearing, Dr. Small testified on cross-examination by the State as to the statements made by the other two psychiatrists outside the instant proceeding that appellant was

competent to stand trial. This evidence was adduced by the State to prove the matter asserted in the statement, that appellant was competent to stand trial. Moreover, the evidence heard here cannot be regarded as evidence of testimony by a declarant in another court proceeding. The prior recorded testimony exception to the hearsay rule was not applicable. No offer of a transcript of such testimony was made. *See, Sekularac v. State,* (1933) 205 Ind. 98, 185 N.E. 898; J. Tanford and R. Quinlan, *Indiana Trial Evidence Manual,* § 23.5 (1982).

 However, it is well-settled that an objection to allegedly improper testimony must be made at the point in the trial where the evidence is offered or the improper question is asked. *Duncan v. State,* (1982) Ind., 412 N.E.2d 770. The failure to object to this testimony waives any claim of error. The judge was entitled to consider the hearsay evidence of the prior adjudication of appellant's competency to stand trial in making her determination of competency in the case at bar.

 We must also add, however, the special judge could not "take judicial notice" of the alleged prior adjudication of appellant's competency in the companion case or of any of the evidence adduced in that proceeding. *See, Majko v. State,* (1965) 246 Ind. 506, 207 N.E.2d 212; *Freson v. Combs,* (1982) Ind. App., 433 N.E.2d 55; *Treesh v. DeVeny,* (1945) 116 Ind.App. 305, 64 N.E.2d 41; 29 Am.Jur.2d *Evidence,* § 58 (1967). This is true in Indiana even where the record produced was one made in the same court and was made in a prior, separate case, and the subject matter and parties were related to the instant case. *Freson, supra.* Thus the evidence heard by the special judge, as to the alleged prior determination that appellant was competent to stand trial, was not a fact of which she could take judicial notice. It was simply a hearing of and a consideration of unobjected to hearsay testimony put before her during cross-examination of Dr. Small by the State.

The hearsay matter aside, the evidence of a prior psychiatric examination of appellant

on the question of competency was relevant. I.C. § 35–5–3.1–1(b) provides: "At the hearing, other evidence may be introduced if relevant to whether the defendant has the ability to understand the proceedings and assist in the preparation of his defense." The evidence as to the separate determination of appellant's competency in the companion case was certainly relevant as it went to the same question as was addressed in this case. Such evidence was adduced and the determination made within a week of appellant's trial in this case.

This brings us to the heart of appellant's argument, that a remand of the case is necessary due to the failure of the trial court to comply with I.C. § 35–5–3.1–1 [Burns 1979 Repl.], applicable at the time of appellant's trial. As we stated earlier, the procedural defects alleged by appellant are that (1) no psychiatrists were appointed *in this case* to examine him, notwithstanding the fact two psychiatrists were appointed in the companion case in which a competency hearing was held just prior to this trial, and (2) only one psychiatrist testified at appellant's competency hearing in this case. He was not a court appointed psychiatrist.

We call attention again to I.C. § 35–5–3.-1–1(a), which in relevant part provides that after the court determines that a competency hearing is necessary, "The court *shall appoint two [2] competent disinterested psychiatrists,* who shall examine the defendant for the purpose of forming an opinion as to whether the defendant [is competent to stand trial] and *shall testify concerning the same at the hearing.*" (Emphasis added.)

 In view of the mandatory statutory language quoted above, we are compelled to agree with appellant's contention the procedural irregularities in this case regarding the determination of his competency to stand trial are too great to be overlooked. Contrary to the State's assertion, there was not "substantial compliance" with the statute in the case at bar. The State's citation to *Bryan v. State,* (1982) Ind., 438 N.E.2d 709, is not persuasive. In that case the only

procedural irregularities were that there were three psychiatrists appointed to examine the defendant instead of two, and two hearings were held, two psychiatrists testifying at the first and the third testifying at the second hearing. In *Bryan, supra,* all the appointed psychiatrists testified and were subjected to cross-examination by the defendant. In the case at bar the inescapable fact is no psychiatrists were appointed by the court, and even if the prior examination of appellant by the other two is construed as sufficient to satisfy the appointment requirement, they did not testify at this hearing. We hold the trial court erred in failing to appoint two psychiatrists to examine appellant and further failing to make the determination of competency without having two court appointed psychiatrists testify at the hearing held to make that determination.

We hold the rest of appellant's appeal in abeyance while remanding the case to the trial court for a determination of appellant's competency to stand trial. Such determination shall be made in accordance with the dictates of I.C. § 35–5–3.1–1 [Burns 1979 Repl.] and in a manner consistent with this opinion.

The transcript of the evidence and the determination as to appellant's competency to stand trial shall be certified by the clerk of the trial court and transmitted to this Court on or before the 31st day of March, 1983. The transcript shall be considered as a supplement to the record.

The party suffering an adverse determination of the defendant's competency to stand trial shall have thirty (30) days from the date upon which service of the entry is had upon him in which to file a supplemental brief with this Court addressing any alleged errors relating to the competency determination. The other party shall have thirty (30) days from the filing of the supplemental brief in which to file an answer supplemental brief with this Court. The party appealing from the determination as to competency shall then have fifteen days from the date of the filing of the answer supplemental brief in which to file a reply

brief. If the trial court's determination is that the defendant was competent to stand trial in July of 1979, we shall decide the rest of the issues raised in this appeal, as well as whatever issue is raised in the supplemental briefing.

The case is remanded to the trial court with instructions as per this opinion.

HUNTER, PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result without opinion.