**Jameil COTTON, Appellant**
**(Defendant below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff below).**

No. 49S00–0005–CR–326.

Supreme Court of Indiana.

Aug. 20, 2001.

Aaron E. Haith, Indianapolis, IN, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

SULLIVAN, Justice.

Defendant Jamiel Cotton was convicted of murder for shooting a woman to death after breaking into her apartment. Although the trial court held a pre-trial competency hearing, Defendant requested a new competency hearing following his conviction. Based on the results of the initial hearing and Defendant's conduct at trial, we find no abuse of the trial court's discretion in denying the request.

*Background*

The facts most favorable to the judgment indicate that on October 17, 1998, Defendant Jameil Cotton broke into the apartment of Charese Cook. He shot her seven times in the head, chest, and shoul-

der, killing her. He was convicted of Murder,[1] and Burglary,[2] a Class A Felony. He was sentenced to 65 years for the murder, and twenty years for the burglary. The sentences were imposed consecutively.

## Discussion

Defendant contends that the trial court erred when it denied his motion to correct errors in which he challenged the competence finding made by the trial court. Appellant's Br. at 13.

During the pre-trial proceedings, Defendant was confined at Logansport State Hospital. While at the hospital, he was administered two psychotropic medications, Depakote and Haldol. Upon Defendant's return to the Marion County Jail, the trial court appointed two experts, Dr. Schuster and Dr. Masbaum, to evaluate Defendant's competency to stand trial. At the time of his evaluation, the examiners believed that Defendant was still taking medication. In fact, Defendant was not receiving any psychotropic medications because his medical orders had inadvertently been misfiled.

Dr. Schuster's findings were predicated on the continued use of the drugs. Dr. Schuster concluded the following:

> As a result of my examination it is my opinion with reasonable medical certainty that [Defendant] is competent to stand trial in that he understands he is charged with a crime, that he understands the legal procedures thereon and he is able to assist his attorney in his own defense.

(R. at 64.)

Dr. Masbaum's evaluation was not predicated on Defendant's use of medication. He concluded, "It is my opinion, based on reasonable medical certainty, that this individual, in spite of his various diagnoses does have comprehension sufficient to understand the nature of the proceedings. He is able to aid his attorney in his defense...." (R. at 67.)

Defendant's pre-sentence report showed that Defendant had not received his medication after being transferred to the jail. Defendant thereupon filed a motion to correct errors seeking a new trial. Citing the incorrect information given to Drs. Schuster and Masbaum, he argued that he had not in fact been competent to stand trial.

The trial court denied Defendant's motion, stating:

> The Court considers both the reports; that is, the reports that were filed in connection with this case by Dr. Schuster and Dr. Masbaum. The Court also considers the evidence introduced during the trial of this matter and the Court's observation of Mr. Cotton throughout the trial of this case. And, it appeared that he was able to confer with counsel. And the Court, in its observations, saw nothing that would indicate to the Court that the defendant was not competent to stand trial.

(R. at 591.)

Defendant now argues that "The trial court should have suspended the sentencing until such time as a determination of [Defendant's] competence to understand the proceeding and to assist his counsel, without the benefit medication, was made." Appellant's Br. at 15.

▬▬▬ Indiana Code § 35–36–3–1 provides:

> If at any time before the final submission of any criminal case to the court or the jury trying the case, the court has reasonable grounds for believing that the defendant lacks the ability to understand the proceedings and assist in the

---

1. Ind.Code § 35–42–1–1 (1998).

2. *Id.* 35–43–2–1.

preparation of his defense, the court shall immediately fix a time for a hearing to determine whether the defendant has that ability.

Whether reasonable grounds exist to order an evaluation of competency is a decision assigned to the sound discretion of the trial court and is reviewed only for an abuse of discretion. *See Haviland v. State*, 677 N.E.2d 509, 516 (Ind.1997), *reh'g denied*. The court's observations of a defendant in court can be an adequate basis for finding that a competency hearing is not necessary. *See Manuel v. State*, 535 N.E.2d 1159, 1162 (Ind.1989); *Culpepper v. State*, 662 N.E.2d 670, 674 (Ind.Ct.App. 1996), *transfer denied*.

■ We find that the court did not abuse its discretion in denying Defendant a competency hearing. Prior to the trial, the trial court found a competency hearing necessary. At the hearing, the parties stipulated to Defendant's competency, although, Drs. Schuster and Masbaum were not aware that Defendant was not receiving medication. At the time of Defendant's motion to correct errors, the trial court again considered whether or not to conduct a new competency hearing. This time, however, the trial court concluded that a hearing was not necessary. This decision was based on the pre-trial reports and Defendant's conduct at trial. We believe that the report and conduct provided the trial court with sufficient information to determine whether further inquiry into Defendant's competence was necessary.

Defendant cites *Smith v. State*, in which we ruled that a precursor to Indiana Code § 35–36–3–1 requires that a determination of competency must be made by disinterested psychologists or physicians. 443 N.E.2d 1187, 1190 (Ind.1983). *Smith*, however, involved the requisite procedure to determine competence; the procedures are only required under Indiana Code § 35–36–3–1 if "the court has reasonable grounds for believing that the defendant lacks the ability to understand the proceedings and assist in the preparation of his defense." Here, the trial court, after observing Defendant throughout trial, found there were no grounds to believe that Defendant lacked the ability to understand the proceedings. We see no basis for concluding that the trial court abused its discretion in finding that Defendant was competent.

### Conclusion

We affirm the judgment of the trial court.

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ., concur.