# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 19 2018, 7:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Stephen T. Owens
Public Defender of Indiana

J. Michael Sauer
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian A. McLean
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jameil Cotton,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent.* | December 19, 2018<br><br>Court of Appeals Case No.<br>18A-PC-1236<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Stanley E. Kroh, Magistrate<br><br>The Honorable Sheila A. Carlisle, Judge<br><br>Trial Court Cause No.<br>49G03-9811-PC-177029 |

**Tavitas, Judge.**

# Case Summary

Jamiel Cotton, pro se, appeals the post-conviction court's ("PC court") resentencing judgment. We affirm.

# Issue

Cotton raises a single issue which we restate as whether the PC court erred in resentencing Cotton to the maximum sentence of twenty years on Cotton's burglary conviction, which the PC court reduced, on double jeopardy grounds, from a Class A felony to a Class B felony.

# Facts

The facts, as stated in Cotton's direct appeal, are as follows: "[O]n October 17, 1998, Defendant Jameil Cotton broke into the apartment of Charese Cook. [Cotton] shot [Cook] seven times in the head, chest, and shoulder, killing [Cook]." *Cotton v. State,* 753 N.E.2d 589, 589-90 (Ind. 2001) (internal footnotes omitted). On November 16, 1998, the State charged Cotton with murder and burglary, a Class A felony.

After a jury trial, Cotton was convicted on both counts. On February 4, 2000, the trial court sentenced Cotton to sixty-five years in the Department of Correction ("DOC") for murder and to twenty years in the DOC for burglary, a Class A felony, with the sentences to be served consecutively. *Id*. at 591.

Cotton filed a direct appeal on June 21, 2000. Attorney Aaron E. Haith served as Cotton's appellate counsel. On appeal to our supreme court, Attorney Haith

argued only that the trial court abused its discretion in denying Cotton a new competency hearing. Our supreme court affirmed the trial court's judgment on August 20, 2001. *Id.*

[6] On May 5, 2016, Cotton, pro se, filed a petition for post-conviction relief. Cotton alleged that Attorney Haith rendered ineffective assistance of appellate counsel in failing to argue on appeal that Cotton's convictions for murder and burglary, a Class A felony, violated double jeopardy principles. Specifically, Cotton argued that Cook's death was proved by the same evidence that was used to elevate the burglary to a Class A felony due to serious bodily injury. Cotton argued that, had Attorney Haith raised the double jeopardy issue, Cotton's burglary conviction would have been reduced to a Class B felony.

[7] The PC court conducted an evidentiary hearing on August 15, 2017. The State did not contest Cotton's double jeopardy claim and agreed that Cotton's burglary conviction should be reduced to a Class B felony.

[8] On May 15, 2017, the PC court entered its order in which it found that Attorney Haith rendered ineffective assistance of appellate counsel. The PC court concluded that, had the double jeopardy issue been properly raised in Cotton's direct appeal, our supreme court "would have remanded with instructions to reduce the class A felony burglary conviction to a class B felony and . . . impose[d] a twenty-year sentence on the burglary, consecutive to the sixty-five year sentence for murder, . . . consistent with the trial court's original

intention." Appellant's App. Vol. II p. 134. The PC court resentenced Cotton accordingly. Cotton now appeals.

## Analysis

Cotton alleges a denial of PC relief stemming from the PC court's resentencing decision. Specifically, Cotton argues that the PC court: (1) erred in "speculat[ing]" that a maximum twenty-year sentence for Class B felony burglary was "consistent with the trial court's original intention"; and (2) erred in resentencing Cotton to a twenty-year term on the reduced Class B felony conviction. Appellant's Br. pp. 8, 13.

Cotton contends that, pursuant to caselaw in effect when Cotton's direct appeal was decided in 2001, "there were only two possible results had the double jeopardy issue been raised: either remand with instructions to impose the minimum sentence for burglary as a class B felony because the trial court had imposed the minimum sentence for burglary as a class A felony, or remand for resentencing on burglary as a class B felony without instructions." *Id*. at 13.

Our supreme court has stated:

> The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. To prevail on appeal from the denial of post-conviction relief, a petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. [Where, as here, a post-conviction court has made findings of fact and

conclusions of law in accordance with Indiana Post-Conviction Rule 1(6), we] do not defer to the post-conviction court's legal conclusions[.] A post-conviction court's findings and judgment will be reversed only upon a showing of clear error – that which leaves us with a definite and firm conviction that a mistake has been made.

*Hollowell v. State,* 19 N.E.3d 263, 268-69 (Ind. 2014) (internal quotations and citations omitted). As the clearly erroneous standard "is a review for sufficiency of evidence, we neither reweigh the evidence nor determine the credibility of witnesses." *State v. Greene,* 16 N.E.3d 416, 418 (Ind. 2014). "Rather, we 'consider only the evidence that supports that judgment and the reasonable inferences to be drawn from that evidence.'" *Id.* (*quoting Ben-Yisrayl v. State,* 738 N.E.2d 253, 258-59 (Ind. 2000)).

[12] We initially note that, at the time of Cotton's offense in 1998, the applicable statutes provided that a person who is convicted of murder shall be imprisoned "for a fixed term of fifty-five (55) years, with not more than ten (10) years added for aggravating circumstances or not more than ten (10) years subtracted for mitigating circumstances." Ind. Code § 35-50-2-3 (1998).

[13] Also, in 1998, the sentencing range for a Class A felony was thirty years, "with not more than twenty (20) years added for aggravating circumstances or not more than ten (10) years subtracted for mitigating circumstances." I.C. § 35-50-2-4 (1998). Likewise, the sentencing range for a Class B felony in 1998 was ten years, "with not more than ten (10) years added for aggravating circumstances

or not more than four (4) years subtracted for mitigating circumstances." I.C. § 35-50-2-5 (1998).

[14] At the crux of Cotton's appeal is his contention that the PC court merely "speculat[ed]" that the trial court intended to impose a twenty-year sentence for Cotton's burglary conviction. Appellant's Br. p. 13. From our review of the sentencing record, the trial court made explicitly clear its intention, in its broad discretion, to impose an aggregate eighty-five-year sentence for Cotton's burglary and execution-style killing of Cook.

[15] At Cotton's original sentencing hearing, the State asked the trial court to "impose the maximum sentence of eighty-five years based on all the circumstances and all the recommendation[s] of all the people involved." Sentencing Tr. Vol. III p. 108. Subsequently, in the following brief colloquy between the trial court judge and defense counsel at Cotton's original sentencing hearing, the trial court indicated its belief and agreement that an eighty-five-year sentence was the maximum sentence the trial court could impose upon Cotton:

> THE COURT: I'll hear your argument.
>
> [Defense counsel]: Thank you, Judge. Let me start off by saying I believe -- and my understanding of the law is that the maximum sentence on this case is eighty-five years.
>
> THE COURT: I would agree with you, sir.

*Id.* Thereafter, the trial court imposed an eighty-five-year sentence, comprised of a maximum sixty-five-year sentence for Cotton's murder of Cook and an additional twenty years, ordered served consecutively, for the burglary conviction.

[16] Here, in reviewing Cotton's post-conviction petition, the PC court found:

> The sentencing record in the instant cause clearly shows that it was the trial court's intention to impose the maximum sentence available on both counts. *See* 607-08. *See also* T.R. 605 (trial court agreed with defense counsel's statement that the maximum sentence in Cotton's case was eighty-five years). The reduction of Cotton's burglary conviction from a class A to a class B felony does not change the two aggravating circumstances found by the trial court: that the defendant has a prior history of juvenile delinquency, which includes one felony true finding; and that the facts of this case were particularly aggravating. Nor does it change that, . . . no mitigating circumstances were adopted by the trial court. Pertinent case law shows that our supreme court, on direct appeal, would have remanded with instructions to reduce the class A felony burglary to a class B felony and to impose a twenty-year sentence on the burglary, consecutive to the sixty-five-year sentence for murder, and consistent with the trial court's original intention. *See Pierce v. State,* 761 N.E.2d [826,] 830 [Ind. 2002)]; *Duncan* [*v. State*], 23 N.E.3d [805,] 819 [Ind. Ct. App. 2014)].

Appellant's App. Vol. II pp. 133-34 (internal citations omitted).

[17] From our review of the record, the trial court's intention was to impose a maximum sentence. Moreover, the State concedes here that, in light of the double jeopardy violation, the PC court correctly reduced Cotton's burglary

conviction from a Class A felony to a Class B felony. The twenty-year sentence imposed by the trial court on Cotton's Class B felony burglary conviction corresponds with the upper bound of the statutory range prescribed by Indiana Code Section 35-50-2-5. Given the trial court's remarks in sentencing Cotton and, specifically, the trial court's explicitly-stated intention to impose a maximum sentence, we simply cannot say that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the PC court; and we find no clear error therefrom.[1]

## Conclusion

[18] The PC court did not commit clear error in resentencing Cotton. We affirm.

[19] Affirmed.

[20] Brown, J., and Altice, J., concur.

---

[1] Inasmuch as we find explicit support in the sentencing transcript for the PC court's resentencing decision, we do not reach the remainder of Cotton's arguments.