

FILED

Jul 15 2019, 7:24 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Scott H. Duerring
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Charles Edward Luster,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | July 15, 2019<br><br>Court of Appeals Case No.<br>19A-CR-129<br><br>Appeal from the St. Joseph<br>Superior Court<br><br>The Honorable John M.<br>Marnocha, Judge<br><br>Trial Court Cause No.<br>71D02-1504-F5-54 |

**Najam, Judge.**

## Statement of the Case

Charles Edward Luster appeals the trial court's revocation of his placement in community corrections. Luster raises one issue for our review, which we revise and restate as whether the trial court violated his due process rights when it

declined to consider evidence of his lack of competency prior to the hearing on the State's motion to revoke his placement.

[2] We reverse and remand for further proceedings.

## Facts and Procedural History

[3] In November 2015, Luster pleaded guilty to robbery, as a Level 5 felony. The trial court entered judgment of conviction and sentenced Luster to six years, with three years executed, three years suspended, and one year of probation. On July 12, 2018, the State filed a petition to revoke Luster's probation. At a hearing, Luster admitted to the allegations, and the trial court revoked Luster's placement on probation and ordered him to serve three years in community corrections.

[4] On September 25, James Thompson, a security officer at Luster's facility, was informed that Luster was acting erratically and talking to himself. Officer Thompson then reviewed footage from the facility's security cameras. While watching the footage, Officer Thompson observed Luster engage in inappropriate sexual conduct in the laundry room, which was against the rules of the facility. The State then filed a petition to revoke Luster's placement in community corrections due to his inappropriate conduct.

[5] On October 1, the court appointed two medical experts to evaluate Luster's competency because the court "ha[d] reason to believe that [Luster] may lack a present ability to understand the proceedings and assist in the preparation of [his] defense[.]" Appellant's App. Vol. II at 111. Thereafter, two medical

experts evaluated Luster. Dr. Evert VanderStoep found that Luster "understands his legal situation correctly." *Id*. at 119. However, Dr. VanderStoep found that Luster "has been psychotic for as long as he can remember." *Id*. Dr. VanderStoep reviewed two previous psychiatric evaluations, which both indicated that Luster suffers from paranoid schizophrenia. Dr. VanderStoep opined that, if Luster continued to take the proper medications, it would be "possible for him to manage the structure" at the community corrections facility. *Id*. at 120.

[6] Dr. Warren Sibilla, Jr. also conducted a competency evaluation of Luster. Dr. Sibilla concluded that Luster's symptoms were consistent with bipolar affective disorder, substance abuse disorder, and post-traumatic stress disorder. With respect to Luster's competency, Dr. Sibilla concluded that Luster "does not demonstrate the capacity to stand trial for the charges in this legal matter." *Id*. at 130 (emphasis removed).

[7] The trial court held a hearing on the State's petition to revoke Luster's placement in community corrections. However, while the court acknowledged at the beginning of the hearing that it had ordered a competency evaluation, the court nonetheless concluded that "the statute concerning competency [Indiana Code Section 35-36-3-1] contemplates [a] prejudgment [assessment] and of course this is post-judgment by a long shot." Tr. at 2. As such, the trial court did not consider the competency evaluations but proceeded with the hearing.

[8] At the conclusion of the hearing, the court found that Luster had violated the conditions of his placement. Accordingly, the court revoked Luster's placement in community corrections and ordered him to serve the remaining three years of his sentence at the Department of Correction. This appeal ensued.

## Discussion and Decision

[9] Luster contends that the trial court erred when it did not consider evidence of his competency prior to the hearing on the State's petition to revoke his placement in community corrections.[1] Here, the trial court appointed the medical experts to evaluate Luster's competency pursuant to Indiana Code Section 35-36-3-1(a) (2018), which provides:

> If at any time before the final submission of any criminal case to the court or the jury trying the case, the court has reasonable grounds for believing that the defendant lacks the ability to understand the proceedings and assist in the preparation of a defense, the court shall immediately fix a time for a hearing to determine whether the defendant has that ability.

However, at the hearing on the State's petition, the trial court determined that that statute "contemplates prejudgment and . . . this is post-judgment by a long shot[.]" Tr. at 2. Accordingly, the court determined that Indiana Code Section

---

[1] Luster frames the issue as whether the trial court abused its discretion when it excluded evidence, and the State responds accordingly. However, the substance of Luster's argument is that the trial court erred when it did not consider evidence of his competency.

35-36-3-1 does not apply to Luster's community corrections revocation proceeding and it declined to consider the experts' evaluations.

[10] On appeal, Luster maintains that the trial court erred when it concluded that that statute does not apply to his revocation proceeding because "the question of a defendant's competency to stand trial may be raised at any time[.]" Appellant's Br. at 7. To support his contention, Luster relies on our Supreme Court's opinion in *Smith v. State*, 443 N.E.2d 1187 (Ind. 1983). However, our Supreme Court in *Smith* held that a defendant cannot waive the question of pretrial competency by failing to raise the issue of his competency before the fact-finder considers the merits of his criminal case. *Id*. at 1188-89. That is not the issue in this appeal, where Luster challenges only the ability of the trial court to consider his competency prior to a revocation hearing, not a criminal proceeding.[2]

[11] Luster's incorrect reliance on *Smith* notwithstanding, there is no question that, as a matter of constitutional law, persons in community corrections and similar placements are entitled to competency hearings, where the facts support such a

---

[2] Luster also contends that, based on the Supreme Court's holding in *Smith*, the trial court erred when it concluded that Indiana Code Section 35-36-3-1 did not apply to community corrections revocation proceedings. However, as discussed above, the Court in *Smith* did not address the ability of a trial court to consider his competency prior a revocation hearing. Further, this Court has previously held that a defendant "did not have a statutory right to a competency hearing because he was not standing for trial, but rather was participating in a probation revocation hearing, which is a matter that takes place *after* the final submission of a criminal case to the trier of fact." *Donald v. State*, 930 N.E.2d 76, 79 (Ind. Ct. App. 2010) (emphasis in original). Similarly, here, a community corrections revocation proceeding is a matter that takes place after the final submission of a criminal case to the trier of fact. Accordingly, Indiana Code Section 35-36-3-1(a) does not apply to Luster's proceeding.

hearing, prior to the revocation of their placement. While "probationers do not receive the full array of constitutional rights that defendants at trial receive," a probationer at a revocation hearing is entitled to the following minimum requirements of due process: notice of the claimed violations, disclosure of the evidence against him, an opportunity to be heard and present evidence, the right to confront and cross-examine witnesses, and the right to a neutral and detached hearing body. *Donald v. State*, 930 N.E.2d 76, 79 (Ind. Ct. App. 2010). But "[w]ithout competency," many of those due process rights guaranteed to probationers at probation revocation proceedings "would be rendered useless." *Id*. at 80. As such, "the Due Process Clause of the United States Constitution requires that a defendant be competent when participating in a probation revocation hearing." *Id*. at 79. And it is well settled that "the due process rights for revocation of community corrections placement and probation hearings are the same." *Madden v. State*, 25 N.E.3d 791, 795 (Ind. Ct. App. 2015). Thus, just as a defendant has a due process right to be competent at a probation revocation hearing, a defendant participating in a community corrections revocation hearing also has a due process right to be competent during the proceedings against him.

[12] Here, the trial court was on notice that further inquiry into Luster's competency may have been warranted. Indeed, the trial court *sua sponte* appointed two medical experts to evaluate Luster's competency because it "ha[d] reason to believe that Luster may lack a present ability to understand the proceedings and assist in the preparation of [his] defense[.]" Appellant's App. Vol. II at 111.

However, the court then declined to consider the experts' reports, which substantiated the court's original concern. Because the trial court did not consider evidence of Luster's competency prior to the hearing on the State's petition to revoke his placement, the court violated his due process rights. We therefore reverse the trial court's revocation of Luster's placement in community corrections, and we remand with instructions for the trial court to consider the competency evaluations and to determine whether Luster is competent to understand and participate in the proceedings against him.

Reversed and remanded with instructions.

Baker, J., and Robb, J., concur.