

FILED

Feb 02 2024, 9:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Amy D. Griner
Griner Legal, LLC
Lakewood, Colorado

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Ian A. T. McLean
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jake Brunette,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

February 2, 2024

Court of Appeals Case No.
23A-CR-693

Appeal from the Elkhart Circuit
Court

The Honorable Michael A.
Christofeno, Judge

Trial Court Cause No.
20C01-2111-MR-9

**Opinion by Judge Mathias**
Judges Tavitas and Foley concur.

**Mathias, Judge.**

[1] Jake Brunette appeals his conviction for murder. Brunette raises two issues for our review, which we restate as follows:

> 1. Whether Brunette invited any error with respect to the trial court declining to hold a full evidentiary hearing on whether Brunette was competent to stand trial.

> 2. Whether any error in the trial court's admission of certain evidence is reversible.

[2] We affirm.

## Facts and Procedural History

[3] On November 17, 2021, Brunette murdered Andy Conley with a knife in Elkhart County. Brunette stabbed Conley numerous times before cutting Conley's throat. Johnnie Davidson and Kelly Wagner witnessed Brunette attacking Conley and called 9-1-1. After officers arrived on the scene and detained Brunette, Brunette told Davidson, "[Conley's] dead. I killed him." Tr. Vol. 3, p. 46.

[4] The State charged Brunette with Conley's murder. In January 2022, Brunette's trial counsel filed a motion to determine Brunette's competency to stand trial. The trial court appointed two psychiatrists to determine Brunette's competency. The two psychiatrists came to opposing conclusions, and the court then appointed a third psychiatrist. The third psychiatrist concluded that Brunette was competent to stand trial.

[5]     After receiving the third report, the court held a hearing and asked Brunette's trial counsel if he wanted "to have a full competency hearing." State's App. Vol. 2, p. 4. Brunette's trial counsel responded that, "given the reports that we have, no, we do not want to have a full competency hearing. So we would stipulate to competency." *Id.* The State added that, if Brunette's trial counsel was "satisfied," the State would agree to proceed without a full competency hearing. *Id.* The court then clarified with Brunette's trial counsel that he wished to "waiv[e] a competency hearing," and Brunette's trial counsel said, "Yes, Your Honor." *Id.* The court then set the matter for trial.

[6]     At the ensuing jury trial, Davidson and Wagner both testified to having witnessed Brunette murder Conley. The trial court also admitted into evidence several photographs of Conley's wounds. In particular, the court admitted, over Brunette's objections, State's Exhibits 15, 16, and 18, which the parties agree were graphic depictions of Conley's wounds, including the cut to his neck. Part of Brunette's objection to the trial court's admission of those exhibits was that they were "cumulative" to several other admitted photographs. Tr. Vol. 3, p. 72.

[7]     The jury found Brunette guilty of Conley's murder. The trial court entered its judgment of conviction and sentenced Brunette accordingly, and this appeal ensued.

## 1. Brunette invited any error with respect to the trial court not holding a full competency hearing.

[8]     On appeal, Brunette first contends that the trial court erred when it did not hold a full evidentiary hearing to determine his competency to stand trial.[1] Given his counsel's comments to the trial court, however, Brunette also asserts that he cannot waive his right to a full competency hearing. In support of his theory of nonwaiver, Brunette cites *Smith v. State*, 443 N.E.2d 1187 (Ind. 1983). In *Smith*, our Supreme Court held that a defendant cannot waive a request for a competency hearing based on the timing of the request. *Id.* at 1188. In that context, our Supreme Court stated that "waiver is an inapposite concept" because "the question of a defendant's competency to stand trial may be raised at any time . . . ." *Id.*

[9]     But the question here is not a question of waiver. It is a question of invited error. As our Supreme Court has made clear, "waiver" refers to a procedural default that usually precludes appellate review in order to avoid rewarding a party for "sitting idly by, ostensibly agreeing to a ruling only to cry foul when the court ultimately renders an adverse decision." *Durden v. State*, 99 N.E.3d

---

[1] Thirteen months passed between the State's filing of the charging information and the court's receipt of the third psychiatrist's report on Brunette's competency to stand trial. As has been noted before, there is a "large and ironic lapse in the logic of our criminal justice system," in which the "initial imperative is to determine the competency of defendants prospectively, to assist counsel at trial," rather than to compel a psychiatric examination of a defendant who likely suffers from serious mental illness very early after arrest to determine whether the defendant could have possibly had the requisite scienter or mens rea at the time of the crime. *Habibzadah v. State*, 904 N.E.2d 367, 370-71 (Ind. Ct. App. 2009) (Mathias, J., concurring); *see also, e.g.*, *Wampler v. State*, 67 N.E.3d 633, 634 (Ind. 2017) (quoting *Wampler v. State*, 57 N.E.3d 884, 890 (Ind. Ct. App. 2016) (Mathias, J., dissenting)).

645, 651 (Ind. 2018) (quotation marks omitted). Invited error, in contrast, applies to "errors the party requested of the trial court." *Id.* Invited error is not based on "sitting idly by" but on estoppel—it "forbids a party from taking advantage of an error that [he] commits [or] invites . . . ." *Id.* And invited error precludes appellate review altogether, even on alleged constitutional errors. *See, e.g.*, *Brewington v. State*, 7 N.E.3d 946, 975 (Ind. 2014).

[10] We conclude that the invited error doctrine applies here and precludes appellate review of Brunette's assertion that he was entitled to a full competency hearing. Once the trial court received the third psychiatrist's report, the court called a hearing. At that hearing, the court asked Brunette's counsel if he wanted to proceed to a full evidentiary hearing to determine Brunette's competency to stand trial. Brunette's counsel did not sit idly by here—instead, he affirmatively informed the court that he did not want a full evidentiary hearing. After the State noted that it was ready to proceed to trial, the court confirmed with Brunette's counsel that he wished to proceed without a full evidentiary hearing on the question of Brunette's competency, and Brunette's counsel again affirmatively informed the court that such a hearing was not necessary. The court then relied on the affirmative assertions of Brunette's counsel and set the matter for trial. This record demonstrates that any error in the failure to hold a full evidentiary hearing to determine Brunette's competency to stand trial was invited by Brunette.

[11] That said, we recognize that the competency hearing statute requires the trial court to hold a hearing on the issue of a defendant's competency "[i]f at any

time before the final submission of any criminal case to the court or the jury trying the case *the court* has reasonable grounds for believing that the defendant lacks the ability to understand the proceedings and assist in the preparation of a defense." Ind. Code § 35-36-3-1(a) (emphasis added); *see also Cotton v. State*, 753 N.E.2d 589, 591 (Ind. 2001) ("Whether reasonable grounds exist to order an evaluation of competency is a decision assigned to the sound discretion of the trial court[.]").

[12]     Here, however, the trial court deferred to the parties regarding Brunette's competency. *See* Appellee's App. Vol. 2, pp. 2-4 (trial court asking the parties whether they would stipulate to Brunette's competency). The statute, however, requires the *trial court* to make the competency decision. The trial court here stated: "[b]y agreement of the parties, Court now finds that the parties waive a competency hearing and that the defendant, Jake A. Brunette, is competent to stand trial. . . ." *Id*. at 4. Thus, on this record it is clear that the trial court deferred to the parties, most notably to Brunette's own counsel. While the better practice—and what the statute requires—is for the trial court itself to determine whether there are reasonable grounds to question a defendant's competency, on this record we are obliged to conclude that any error in the trial court's failure to do so was invited by Brunette. Accordingly, appellate review on this issue is not available.

## 2. Any error in the admission of State's Exhibits 15, 16, and 18 was harmless.

[13] Brunette also argues on appeal that the trial court abused its discretion when it admitted into evidence State's Exhibits 15, 16, and 18. We review challenges to the admission of evidence for an abuse of the trial court's discretion. *Fansler v. State*, 100 N.E.3d 250, 253 (Ind. 2018). We will reverse only where the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.*

[14] Any error in the admission of these three exhibits is not reversible error. At trial and again on appeal, Brunette conceded that these three exhibits were "cumulative" to other photographs the trial court had admitted. Tr. Vol. 3, p. 72; Appellant's Br. at 14. But "[t]he improper admission of evidence is harmless error when the erroneously admitted evidence is merely cumulative of other evidence before the trier of fact." *Hunter v. State*, 72 N.E.3d 928, 932 (Ind. Ct. App. 2017), *trans. denied*. We conclude that these three exhibits were merely cumulative to other evidence before the jury. Accordingly, there is no reversible error on this issue.

## Conclusion

[15] For all of the above-stated reasons, we affirm Brunette's conviction.

[16] Affirmed.

Tavitas, J., and Foley, J., concur.